IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2164-FL

FILED
JUL 13 2011
DENNIS P. AVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| CHRIS GOOCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN W. KELLER, JR., Secretary of )<br>the Department of Correction, )<br>)<br>Respondent. ) | ORDER |

This matter comes before the court on respondent's motion to dismiss on statute of limitations grounds (DE # 7).[1] Petitioner timely responded in opposition, and the issues raised are now ripe for adjudication. For the following reasons, the court grants respondent's motions.

## STATEMENT OF CASE

On December 9, 2005, petitioner pleaded guilty in the Vance County Superior Court to second-degree rape in case number 02 CRS 6927, first-degree burglary in case number 02 CRS 6940, and robbery with a dangerous weapon in case number 02 CRS 6938. Petitioner was sentenced to consecutive sentences of one hundred twelve (112) to one hundred forty-four (144) months and two sentences of ninety-four (94) to one hundred twenty-two (122) months imprisonment for these convictions. On the same date, petitioner also pleaded guilty to robbery with a dangerous weapon in case number 02 CRS 6939, two counts of first-degree kidnaping in case numbers 02 CRS 6935

---

[1] Also before the court is petitioner's motion to amend his petition to substitute Alvin W. Keller, Jr. for the State of North Carolina as respondent (DE # 11). For good cause shown, that motion is ALLOWED and the Clerk is directed to conform the caption of the case to this order.

and 6937, and to habitual felon status. For these convictions, petitioner was sentenced to three consecutive sentences of one hundred (100) to one hundred twenty-nine (129) months imprisonment. The first group of sentences was ordered to run concurrent with the second group. Finally, petitioner was sentenced to a concurrent term of one hundred seventeen (117) to one hundred fifty (150) months imprisonment for one count of robbery with a dangerous weapon in case number 02CRS50613.[2] Petitioner did not file a direct appeal.

On July 27, 2006, petitioner filed a letter in the Vance County Superior Court, which the court construed as a motion for appropriate relief ("MAR"). The superior court denied petitioner's MAR on August 23, 2006. On May 17, 2006, petitioner filed a *pro se* MAR in the superior court, which was summarily denied on June 15, 2007. On July 27, 2007, the court of appeals allowed certiorari for the limited purpose of correcting a clerical error in the judgment in case number 02 CRS 6939. Specifically, the court of appeals remanded the case back to the trial court directing the trial court to correct the judgment in case 02 CRS 6939 by removing the check from the box indicating that the sentence runs consecutively. The trial court corrected the clerical error in the judgment form, retaining the original judgment date of December 9, 2005, on the amended form.

On December 9, 2008, plaintiff filed another *pro se* MAR in the superior court, which was summarily denied on March 9, 2009. On March 24, 2009, petitioner submitted a *pro se* petition for a writ of certiorari to the North Carolina Court of Appeals. The court of appeals denied petitioner's petition on March 31, 2009. On August 17, 2009, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court. Petitioner then filed a pro se "Motion for

---

[2] The plea transcript reflects that case number 02 CRS 50613 now is known as 05 CRS 650.

2

Peremptory Setting & Hearing for writ of Certiorari" on November 16, 2009. On January 28, 2010, the supreme court dismissed both petitioner's certiorari petition and his pending motion.

On July 15, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[3] Petitioner alleges that the prosecutor engaged in prosecutorial misconduct and that he received ineffective assistance of counsel. On November 16, 2010, respondent filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and is therefore time-barred. Petitioner timely responded.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

---

[3] Petitioner's petition was filed on July 23, 2010, but dated July 15, 2010. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his petition as July 15, 2010. See Houston, 487 U.S. at 266 (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

3

omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Petitioner pleaded guilty and judgment was entered on December 9, 2005. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C. R. App. P. 4(a). Because petitioner did not file an appeal, petitioner's judgment became final on December 23, 2005. As a result, petitioner's one-year statutory period began to run on December 23, 2005, and ran for

4

two hundred sixteen (216) days until he submitted his July 27, 2006 letter to the Vance County Superior Court. Petitioner's one year period of limitations then was tolled until the Vance County Superior Court denied petitioner's MAR on August 23, 2006. The period of limitation then resumed and ran until it expired one hundred forty-nine (149) days later on January 19, 2007. Thus, the instant § 2254 petition filed July 15, 2010, is untimely.

Petitioner suggests that he is entitled to additional statutory tolling because he possesses newly discovered evidence to support his prosecutorial misconduct and ineffective assistance of counsel claims. In particular, petitioner asserts that the state withheld evidence, and that when he discovered the allegedly withheld evidence, his counsel did not cooperate with his efforts to obtain the evidence. Accordingly, petitioner appears to assert that § 2244(d)(1)(D), rather than § 2244(d)(1)(A), should be used to calculate the period of limitation. But as respondent notes, petitioner cannot rely on § 2244(d)(1)(D) because petitioner's own allegations demonstrate that he was aware of the facts underlying his prosecutorial misconduct claim prior to pleading guilty, and that he could have raised them up in a timely petition. See Pet. ¶ 12 (handwritten at pp. 6-7). Similarly, petitioner's allegations in his petition reflect that he was aware of his ineffective assistance of counsel claim, in connection with the alleged withheld evidence, prior to pleading guilty. See id. ¶ 13 (handwritten at pp. 8-10).

Based upon petitioner's own allegations, it is clear that he was aware of his prosecutorial misconduct and ineffective assistance of counsel claims in connection with the alleged withheld evidence prior to the date he pleaded guilty. Based upon the forgoing, petitioner has failed to demonstrate that he could not have discovered the evidence prior to the date the statutory period

5

Case 5:10-hc-02164-FL   Document 13   Filed 07/13/11   Page 5 of 11

expired. Therefore, as previously noted, § 2244(d)(1)(A) and not § 2244(d)(1)(D) provides the starting date for the period of limitation.

Additionally, tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, slip op., 2006 WL 1877149, *2 (W.D.N.C. July 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271 (4th Cir. 2006) (unpublished). Accordingly, the numerous motions and petitions filed subsequent to the expiration of the statutory period do not toll the running of the statute of limitations in this action.

Moreover, the fact that petitioner did not file a petition for a writ of certiorari following the denial of his July 27, 2006, MAR does not operate to toll the statutory period. See Rhue v. Carroll, No. 5:05-HC-592-BO (E.D.N.C. Aug. 30, 2006) (finding that statute of limitation period is not tolled following the denial of an MAR where petitioner did not file a petition for writ of certiorari in the Court of Appeals), appeal dismissed, 229 F. App'x 214 (4th Cir. 2007); cf. Lyons v. Weisner, 247 F. App'x 440, 446 n.4 (4th Cir. 2007) (unpublished) (stating that petitioner did not fail to exhaust his state remedies in § 2254 where he failed to seek review of the denial of his MAR). Based upon the foregoing, petitioner has not demonstrated that he is entitled to statutory tolling.

Petitioner also argues that he is entitled to equitable tolling, but this argument is similarly without merit. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling."

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner first asserts that he is entitled to equitable tolling because his counsel failed to notify him that he had the right to file a notice of appeal following his conviction. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000)). But cf. Holland v. Florida, 560 U.S. ----, 130 S.Ct. 2549 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished) (citing Holland, 130 S.Ct. at 2562-65). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

7

Petitioner has not provided any facts to explain how his failure to file a notice of appeal (because his counsel failed to alert him to that possibility) somehow prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2-3 (W.D. Va. 2010), appeal dismissed, 397 F. App'x 877 (4th Cir. 2010) (unpublished). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

Petitioner next asserts that he is entitled to equitable tolling because the Vance County Superior Court misconstrued his July 27, 2006 letter as a MAR. However, even if the superior court did not construe petitioner's letter as a MAR, his action still would be time-barred. Petitioner's conviction became final on December 23, 2005, and the statutory period would have began to run on this date and ran until it expired on December 23, 2006. Petitioner did not file a pleading actually captioned as an MAR until May 17, 2007, after the expiration of the statutory period.

Petitioner also argues that he is entitled to equitable tolling because his petition would have been timely if he had not needed to correct a clerical error. However, even if the court tolled petitioner's one-year period of limitation until the clerical error issue was resolved, the action still would be time barred. Under these circumstances, the statutory period would have ran from the date petitioner's conviction became final, December 23, 2005, for two hundred sixteen (216) days until he submitted his July 27, 2006 MAR. The statutory period then would have been tolled until the North Carolina Court of Appeals denied petitioner's certiorari petition on March 31, 2009. The statutory period then would have resumed and expired one hundred forty-nine (149) days later on

August 27, 2009, well before petitioner filed this action on July 15, 2010.[4] Thus, petitioner is not entitled to equitable tolling for this claim.

Petitioner next alleges that he is entitled to equitable tolling because the Department of Correction's ("DOC") rules, regulations, and policies hinder the filing of motions, petitions, and applications. Petitioner states that the DOC does not provide inmates the appropriate materials to file a claim. As an example, petitioner states that he was forced to use the envelope in which he received his § 2254 forms to file the instant petition. Petitioner, however, does not state how this hindered the timely filing of his § 2254 petition. Thus, the court finds that petitioner is not able to demonstrate extraordinary circumstance, and is not entitled to equitable tolling on these grounds.

Petitioner finally claims he is entitled to equitable tolling because he does not have access to a law library, because he is poor, and because he does not have legal experience. Petitioner also bases an equitable tolling claim on his assertion that he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS"). These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See, e.g., Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that ignorance of the law is not a basis for equitable tolling); Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-

---

[4] The court notes that petitioner's petition for discretionary review filed in the North Carolina Supreme Court on August 17, 2009 and "Motion for Peremptory Setting & Hearing for writ of Certiorari" filed on November 16, 2009, both dismissed on November 16, 2009, are not a "properly filed" post-conviction filing and do not toll the statute of limitations under section 2244(d)(2). See N.C. Gen. Stat. § 7A-28(a) ("Decisions of the [North Carolina] Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the [North Carolina] Supreme Court by appeal, motion, certification, writ, or otherwise.").

year deadline while waiting for NCPLS). Further, petitioner has not stated how his poverty prevented him from timely filing his federal habeas petition.

Accordingly, for the reasons given above, petitioner's claim is not subject to statutory tolling and fails to satisfy the "extraordinary circumstances" standard necessary for equitable tolling. His petition is time-barred, and respondent's motion to dismiss is GRANTED.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and Lewis is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend (DE # 11) is GRANTED. Respondent's motion to dismiss (DE # 7) also is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 11r day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge